**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21833-CIV-MARTINEZ**

ROGER PEDRO MERCONCHINI,

Petitioner,

v.

WARDEN, MIAMI FEDERAL DETENTION CENTER, *et al.*,

Respondents.
_______________________________/

**ORDER DENYING PETITION WITHOUT PREJUDICE**

**THIS CAUSE** comes before the Court on Petitioner Roger Pedro Merconchini's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1]. Petitioner challenges his prolonged immigration detention, which has lasted more than six months, and argues his due process rights have been violated in part because he has not received a bond hearing. (*See generally id.*). In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (March 19, 2026 Order [ECF No. 7]). Respondents filed their Response to the Court's show cause Order on March 24, 2026 [ECF No. 9] (the "Response"). Petitioner has not filed a Reply, and the time to do so has passed, so the Petition is now ripe for review. The Court has considered the Petition, the Response, the record, and applicable law. For the following reasons, the Petition is **DENIED WITHOUT PREJUDICE**.

As explained, Petitioner argues he has not received a bond hearing and has been detained for many months despite not being a flight risk or a danger to the community and even though his detention has caused serious hardship for his family. (*See generally* Pet.). In the Response,

Respondents argue Petitioner is not entitled to a bond hearing because he is an "arriving alien" whose detention is mandatory under 8 U.S.C. § 1225(b)(2). (*See generally* Resp.). Since the Response, however, the Eleventh Circuit has rejected Respondents' argument, holding that "unadmitted aliens found in the interior of the United States are eligible for bond while they go through immigration proceedings." *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1261 (11th Cir. 2026). The Eleventh Circuit's opinion definitively decides the disagreement between Petitioner and Respondents in Petitioner's favor.

Still, that is not the end of the analysis, because since the Response, the Immigration Court has ordered Petitioner's removal. *See* Exec. Off. for Immigr. Rev., *Automated Case Information*, https://acis.eoir.justice.gov/en/case Information (last visited July 22, 2026) (noting that Petitioner was ordered removed on April 21, 2026).[1] Petitioner did not appeal the removal order. *See id.* As a result, that decision became final on May 21, 2026. *See Del Pilar v. U.S. Att'y Gen.*, 326 F.3d 1154, 1156 (11th Cir. 2003); 8 U.S.C. § 1252(b)(1).

It is well settled that, once a noncitizen has been ordered removed and the removal period begins, 28 U.S.C. § 1231 governs his detention. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 533–34 (2021) (noting that 28 U.S.C. "§ 1226 governs the detention of aliens until § 1231's removal period begins" (quotation marks omitted)); *Zadvydas v. Davis*, 533 U.S. 678, 688–89 (2001); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051–52 (11th Cir. 2002). "[T]he removal period begins when an alien is ordered removed, and the removal order becomes administratively final." *See Johnson*, 594 U.S. at 534; 28 U.S.C. § 1231(a)(1)(B)(i). Petitioner's order of removal became

---

[1] The Court takes judicial notice of the Immigration Court records. *See, e.g.*, Fed. R. Evid. 201(b); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020); *In re Delta Res., Inc.*, 54 F.3d 722, 725 (11th Cir. 1995); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016).

administratively final on May 21, so his removal period has begun. And under § 1231, detention is mandatory during the removal period. *See* 28 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). For that reason, Petitioner is not entitled to a bond hearing.[2] *See Johnson*, 594 U.S. at 532–33.

Because Petitioner raises no other claims in the Petition, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, [ECF No. 1], is **DENIED WITHOUT PREJUDICE**.
2. The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner.
3. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 22 day of July 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record
Petitioner, *pro se*

[2] The Supreme Court has recognized that "indefinite detention of aliens" raises "serious constitutional concerns" and that the presumptively reasonable period of detention is six months. *See Zadvydas*, 533 U.S. at 682, 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* That is because, "if removal is not reasonably foreseeable," continued detention is "unreasonable and no longer authorized by statute." *See id.* at 699–700. Accordingly, if Petitioner has not been removed within six months of May 21, 2026, he may refile his habeas petition at that time.